IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-cv-00105-NCT-JEP

DAVID TRINH,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

Plaintiff, David Trinh, by and through the undersigned counsel, hereby responds to Defendants' Counterclaims filed against Plaintiff as follows:

1. Admitted.

2. Denied for lack of information.

3. Admitted that IBM claimed that Plaintiff had included a number of improper expense reimbursements on his expense reports. Otherwise, denied. It is specifically denied that any of the expenses claimed by Plaintiff were improper.

4. Admitted.

5. Denied.

6. Denied.

7. Admitted that IBM has demanded payment from Plaintiff, and admitted that Plaintiff has not made any such payments. Otherwise, denied.

## COUNT 1
## (MONEY HAD AND RECEIVED)

8. Plaintiff incorporates by reference all of the previous responses as if fully set forth herein.

9. Denied.

10. Admitted that IBM has demanded payment from Plaintiff, and admitted that Plaintiff has not made any such payments. Otherwise, denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## COUNT III
## (CONVERSION)

15. Plaintiff incorporates by reference all of the previous responses as if fully set forth herein.

16. Denied.

17. Admitted that IBM has demanded payment from Plaintiff, and admitted that Plaintiff has not made any such payments. Otherwise, denied.

18. Admitted that IBM has demanded payment from Plaintiff, and admitted that Plaintiff has not made any such payments. Otherwise, denied

19. Denied.

20. Denied.

## COUNT III
## (FRUADULENT MISREPRESENTATION)

21. Plaintiff incorporates by reference all of the previous responses as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT IV
## (NEGLIGENT MISREPRESENTATION)

26. Plaintiff incorporates by reference all of the previous responses as if fully set forth herein.

27. No response is required to this allegation. To the extent that a response is required, denied.

28. Denied.

29. The duties owed by Plaintiff to IBM are a question of law, to which no response is required. Otherwise, denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT V
## (BREACH OF CONFIDENTIALITY AGREEMENT)

33. Plaintiff incorporates by reference all of the previous responses as if fully set forth herein.

34. Admitted upon information and belief.

35. The document referenced is the only and best evidence of its contents, and any allegation of those contents inconsistent therewith is denied. Otherwise, denied.

36. The document referenced is the only and best evidence of its contents, and any allegation of those contents inconsistent therewith is denied. Otherwise, denied.

37. Denied.

38. Denied.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denial, Plaintiff/Counter-Defendant asserts the following defenses. The factual bases for the following affirmative defenses are set forth in further detail in Plaintiff's Complaint and in the foregoing responses, which are re-alleged and incorporated herein by reference.

## FIRST DEFENSE

IBM's counterclaim fails, in whole or in part, to state claims for which relief can be granted.

## SECOND DEFENSE

IBM's claims are barred, in whole or in part, because IBM has, at all relevant times acted with unclean hands and/or in bad faith. IBM initiated the expense audit (1) in response to and in retaliation for Plaintiff/Counter-Defendant's complaints about IBM's refusal to pay him the commissions that he was owed and, alternatively,

(2) in an attempt to discredit Plaintiff/Counter-Defendant as a witness to IBM's alleged theft of intellectual property. The latter is the subject of a lawsuit pending in the United States District Court for the Southern District of New York, *Hayden v. IBM*, Civil Action No.: 7:21-cv-02485-VB.

### THIRD DEFENSE

IBM's claims are barred, in whole or in part, by the applicable statutes of limitations. The expenses that IBM claims were improper were submitted years ago, IBM was on notice of that, and each of the claims made by IBM were made after the applicable statutes of limitation had expired.

WHEREFORE, having fully answered IBM's counterclaims, Mr. Trinh respectfully requests:

1. IBM have and recover nothing of Mr. Trinh by way of this action;

2. Judgment be entered against IBM for all costs and attorneys' fees incurred in defense of these Counterclaims; and

3. Mr. Trinh have and recover such other and further relief as this Court may deem just and appropriate.

Respectfully submitted, this the 28th day of April 2022.

/s/ *Matthew E. Lee*
Matthew E. Lee
Jeremy R. Williams
Mark R. Sigmon
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

5

mlee@milberg.com
jwilliams@milberg.com
msigmon@milberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2022, I electronically filed the foregoing, **PLAINTIFF'S ANSWER TO COUNTERCLAIMS** with the Clerk of Court, and upon the counsel of record using the CM/ECF system.

/s/*Matthew E. Lee*
Matthew E. Lee